IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 09-cv-92-JPG |
| CHARLES WHITAKER, RODNEY MOORE, and MICHAEL TAYLOR, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss filed by defendants Charles Whitaker and Rodney Moore (Doc. 25). Plaintiff Capitol Specialty Insurance Corporation ("Capitol") has responded to the motion (Doc. 29).

**I.  Dismissal Standard**

Whitaker and Moore seek to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl.*, 550 U.S. at 556).

Although even after *Bell Atlantic* and *Iqbal* liberal federal notice pleading standards ensure that minimally detailed complaints can survive a motion to dismiss, those standards will not prevent dismissal of complaints that plead too much. A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim).

## II.     Facts and Procedural History

This matter arose after defendant Michael Taylor and his son were assaulted on November 12, 2006, in Club Elite, a tavern in Cairo, Illinois. On September 25, 2008, Taylor sued defendants Whitaker and Moore, the owners of Club Elite, in state court. *See Taylor v. Whitaker*, No. 2008 L 9 (Ill. Cir. Ct. Alexander Co.). The state law suit advanced a premises liability negligence theory, that is, it charged that the defendants were negligent in their affirmative duty as a business inviting people onto its premises for business purposes to aid or protect their patrons against unreasonable risk of physical harm. *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1058 (Ill. 2006); *see* Restatement (Second) of Torts § 344 (1965).[1]

---

[1] Section 344 of the Second Restatement of Torts states, in pertinent part:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons . . . and by the failure of the possessor to exercise reasonable care to
> (a) discover that such acts are being done or are likely to be done, or
> (b) give a warning adequate to enable the visitors to avoid the harm, or

2

The case before the Court is an action by Capitol under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that a liability insurance policy it issued to Whitaker (No. CS00322809) ("Policy"), which also covered Moore as an additional insured, does not cover liability from the November 12, 2006, assault and that, as a consequence, it is not obligated to defend or indemnify Whitaker or Moore. The Policy contains two parts: a commercial general liability insurance ("CGL") part and a commercial liquor liability ("CLL") part. Capitol believes the assault falls within a liability exclusion in the CGL part of the Policy that applies to:

> A. Assault and/or battery committed by any . . . person, whether or not . . . arising because of the negligence of the insured; or
>
> * * *
>
> C. The failure to prevent or suppress an assault and battery by any person; or
>
> D. The failure to provide an environment safe from assault and battery, including but not limited to the failure to maintain security. . . .

Policy, CGL Form 309 (Doc. 2-4 at 57).

In their motion to dismiss, Whitaker and Moore concede that CGL Form 309 excludes coverage under the CGL part of the Policy. They argue, however, that Capitol's case should be dismissed because the Complaint fails to allege facts showing that the state lawsuit is not covered by the CLL part of the Policy. The CLL part provides insurance coverage where liability "is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." Policy, § I, ¶1.a, CG 00 33 12 04 (Doc. 2-4 at 62). Essentially, their argument boils down to the belief that Capitol has pled too much by including the CLL part of the Policy as an attachment to

---

otherwise to protect them against it.

the Complaint, which they believe demonstrates the Policy creates a duty to defend and indemnity for the underlying lawsuit.

In response, Capitol argues that its Complaint meets liberal federal pleading standards even under *Bell Atlantic* and *Iqbal* because it pleads sufficient facts to give the defendants notice of the basis of its claim. It further claims the Complaint does not refer to the CLL part of the Policy because the underlying lawsuit does not allege any liability covered by that part of the Policy. Whitaker and Moore have not responded to Capitol's contentions.

**III.     Analysis**

Under Illinois law, which all parties agree applies to this action, an insurer has an obligation to defend its insured in an underlying lawsuit if the complaint in the underlying lawsuit alleges facts potentially within the coverage of the insurance policy, even if the allegations end up being groundless, false or fraudulent. *General Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005). To determine if the underlying suit alleges a situation potentially within the insurance coverage, the Court compares the complaint to the relevant provisions of the insurance policy. *Id.* If any theory of recovery in the underlying complaint falls within the insurance coverage, the insurer will have a duty to defend. *Id.*

Capitol has neither pled too little nor too much in its Complaint for declaratory judgment. The Complaint alerts the defendants to the nature of Capitol's claim and cites the specific contractual provisions Capitol believes entitles it to that relief. The Complaint further attaches the entire Policy and the complaint from the underlying lawsuit. With this pleading, Capitol has pled sufficient facts to allow the Court to draw the reasonable inference that it is entitled to the declaratory relief it seeks. It therefore satisfies the *Bell Atlantic* and *Iqbal* pleading requirements.

On the other side, Capitol has not pled itself out of court by pleading facts establishing the defendants are entitled to prevail. The mere existence of the CLL part of the Policy does not establish beyond dispute that Capitol owes a duty to defend and indemnify Whitaker and Moore. On the contrary, whether there is coverage for the underlying suit under the CLL part of the Policy is a defense better decided with the benefit of fuller briefing on summary judgment. Regardless of how that issue is ultimately decided, Capitol's pleading is sufficient to satisfy Rule 12(b)(6).

## IV. Sanctions

In their motion to dismiss, Whitaker and Moore also ask the Court to sanction Capitol under Federal Rule of Civil Procedure 11 for filing a frivolous lawsuit. Capitol, for its part, then asks the Court to award the fees it incurred in responding to the request for sanctions because it believes Whitaker and Moore filed the request to harass it.

Rule 11 states, "Every pleading, written motion, and other paper must be signed by at least one attorney of record," Fed. R. Civ. P. 11(a), and that such a signature is a certification that the filing is not frivolous and is not presented for an improper purpose, Fed. R. Civ. P. 11(b). The Court may sanction an attorney or a party that is responsible for a filing that violates Rule 11(b). Fed. R. Civ. P. 11(c).

A party seeking sanctions under Rule 11(c) must file a motion for sanctions separately from other motions or requests. Fed. R. Civ. P. 11(c)(2); *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003); *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 151 (7th Cir. 1996). It must serve the motion for sanctions on the opposing party prior to filing it with the Court, and it can only file the motion if the opposing party fails to withdraw or correct the offending document within 21 days after service or another time set by the court. Fed. R. Civ. P. 11(c)(2); *Nisenbaum*, 333 F.3d

5

at 804. "[T]he timely withdrawal of a contention will protect a party against a motion for sanction." Fed. R. Civ. P. 11 comment (1993).[2] Rule 11(c)(2) also allows the Court to award reasonable expenses, including attorney's fees, to the party that prevails on the motion for sanctions if such an award is warranted.

Whitaker and Moore's request for fees does not comply with Rule 11. They did not file it as a separate document, and they did not give Capitol an opportunity to withdraw or correct its offending pleading before filing their sanctions request. Therefore, the Court declines to issue a sanction award. The Court further finds that an award of fees to Capitol, as the prevailing party on the sanctions request, is not warranted in light of the minimal efforts needed to oppose the clearly insufficient request for sanctions.

**V.     Conclusion**

For the foregoing reasons, the Court **DENIES** Whitaker and Moore's motion to dismiss (Doc. 25).

**IT IS SO ORDERED.**
**DATED:  August 13, 2009**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**

---

[2]Rule 11 was amended in 2007, but the amendment was intended to be stylistic only. Fed. R. Civ. P. 11 comment (2007). Thus, the comments from the 1993 amendments to the rule remain applicable to interpret the rule.